**UNITED STATES of America, Plaintiff,**

v.

**Etta Rae PERRY, Defendant.**

**No. H–CR–82–16.**

United States District Court,
E.D. Arkansas, E.D.

Dec. 22, 1982.

George Proctor, U.S. Atty. by Fletcher Jackson, Asst. U.S. Atty., Little Rock, Ark., for plaintiff.

William C. Harbour, Bryant, Ark., for defendant.

## ORDER

GEORGE HOWARD, Jr., District Judge.

At the close of the December 21, 1982, hearing on defendant's motion to suppress, this Court made oral findings of fact and conclusions of law, reserving the right to supplement those findings and conclusions with a written order. The Court now makes these additional findings:

1. Before the FBI agents commenced the interrogation of defendant, the agents had already concluded that she was guilty of misappropriating bank funds, but believed that they lacked sufficient evidence to get a conviction.

2. The purpose of the interrogation was not to solve the crime or even to absolve a suspect, but was purely to secure additional information to supplement what they already had in order to convict defendant.

3. The Court finds that it was the express intent of the agents from the very beginning of this interrogation to obtain an admission from defendant.

4. Although defendant was not told that she was under arrest, she was not advised that she was free to leave the boardroom at any time, that she was free not to answer any questions, that she could consult with an attorney, or that she could use the telephone located in the room. Defendant, as she testified, believed that she was compelled to be subjected to the agents' presence, although she did not expect any physical restraint.

5. The agents told defendant that she was free to leave only after she made the oral admission, but before the making of the written statement.

6. While no strong-arm tactics were used, the admonitions of the agents that it would be in defendant's best interest to cooperate with them, that she was a suspect, and that it would be easier for her to admit what happened than for them to subpoena her bank and financial records and institute a background check, which would involve family members, along with the request that she take a polygraph examination, were coercive in nature and overbearing to the extent that her free will was overcome resulting in the oral admission.

7. Considering the totality of the circumstances under which the interrogation was arranged and conducted, including the fact that she was directed to occupy a seat between the two agents during the forty-five minute interrogation, the Court finds that defendant was deprived of her freedom in a rather significant way since she was restrained in the freedom of her movements.

8. Given these circumstances, the questioning was more than just a routine interrogation and *Miranda* warnings should have been given.

Accordingly, defendant's motion to suppress is hereby granted. The oral admission and any statement made following that admission may not be used during the course of the trial.